IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ALI NAQVI, | ) |
| Plaintiff, | ) |
| v. | ) No. 17-cv-3145 |
| ILLINOIS HEALTH AND SCIENCE, et al, | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Pending before the Court are Plaintiff's Motion to Disqualify Defense Counsel (d/e 36) (Motion 36) filed by Plaintiff Ali Naqvi, and Defendants' Motion for a Protective Order (d/e 45) (Motion 45) filed by Defendants Illinois Health and Science (IHS); Decatur Memorial Hospital (DMH); Zevacor Molecular; Zevacor Pharma, Inc. n/k/a Global Isotopes, LLC (Pharma); Board of Directors of IHS; Board of Directors of DMH; Timothy D. Stone, Jr; Roy Mosser; Ron Drane; and Robin King.

The resolution of these Motions turn on whether Naqvi previously established an attorney-client relationship with the law firm representing Defendants, Drinker, Biddle & Reath LLP (Firm).   In August and September 2015, Naqvi met with and sent at least one email to attorney

Michael Robinson of the Firm, and met with attorney Quin R. Frazer of the Firm and perhaps other members of the Firm.  Naqvi was Executive Vice President and Chief Financial Officer of Defendants IHS, DMH, and Pharma at the time of these meetings and communications.  See Amended Complaint (d/e 32), ¶ 5.  The parties dispute whether Naqvi met with Robinson and Frazer in his personal capacity or in his capacity as Executive Vice President and Chief Financial Officer of the three Defendant entities.  Compare Memorandum of Law in Support of Plaintiff's Motion to Disqualify Defense Counsel (d/e 37), Exhibit 1, Affidavit of Ali Naqvi, with Defendants' Memorandum in Opposition to Plaintiff's Motion to Disqualify Defense Counsel (d/e 41) (Defendants' Memorandum), Exhibit 1, Affidavit of Michael D. Rosenbaum and Exhibit 2, Affidavit of Quin R. Frazer.  The Court requires an evidentiary hearing to resolve conflicts in the testimony of Paqvi, Robinson, and Frazer.

    The Court notes that attorneys Robinson and Frazer (or any other attorney from the Firm other than the attorneys of record in this case) may testify at the evidentiary hearing without affecting the ability of the attorneys of record to continue representing the Defendants. Illinois Supreme Court Rule of Professional Conduct (RPC) 3.7(b) states, "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be

called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." (RPC) 3.7(b); See Local Rule 83.6(D) (This Court adopts the Illinois Supreme Court Rule of Professional Conduct). Should the Court allow Motion 36, the Court will disqualify the Firm because of the conflict of interest, not because Robinson, Frazer, or any other attorney from the Firm testified at the hearing on the Motions. Should the Court deny Motion 36, the fact that Robinson, Frazer, or another attorney (besides the attorneys of record) testified would not affect the ability of the attorneys of record to continue representing the Defendants. RPC 3.7.

THEREFORE, Plaintiff's Motion to Disqualify Defense Counsel (d/e 36) and Defendants' Motion for a Protective Order (d/e 45) are set for an evidentiary hearing before this Court in U.S. District Courthouse 600 E. Monroe Street, Springfield, Illinois in Courtroom III on Friday, January 12, 2018, at 10:00 a.m. before U.S. Magistrate Judge Tom Schanzle-Haskins.

ENTER: November 30, 2017

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE