# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ALI NAQVI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3145 |
| ILLINOIS HEALTH AND SCIENCE, et al., | ) ) ) ) |
| Defendants. | ) ) |

## **OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

    This matter comes before the Court on Defendants' Motion to Compel Plaintiff to Provide Initial Disclosures Under Rule 26(a), Answer Defendants' Interrogatories and Produce Documents Responsive to Defendants' Discovery Requests (d/e 72) (Motion). For the reasons set forth below, the Motion is ALLOWED in part.

    Plaintiff Ali Naqvi failed to serve Rule 26(a) disclosures by August 17, 2018, in accordance with the Scheduling Order (d/e 70). Naqvi also failed to provide timely responses to Defendants' interrogatories and requests to admit. Naqvi's counsel states that after the filing of the Motion, Naqvi served his Rule 26(a) disclosures, his answers to some Defendants' interrogatories, and documents responsive to some Defendants' requests

to produce.  Counsel for Naqvi, however, failed to include sworn attestations by Naqvi for the answers to interrogatories and responses to the requests to produce.  She asks for leave to produce the remaining discovery responses and all attestations by July 12, 2019.  She says Naqvi does not raise any objections to the discovery requests.  <u>Plaintiff's Response to Defendants' Motion to Compel and Plaintiff's Request for Extension of Time to Provide Plaintiff's Response to the Outstanding Discovery Requests of the Individual Defendants</u>, (d/e 74) ¶¶ 5-13.

The Court allows the Motion to Compel the outstanding discovery and attestations.  The request to compel Rule 26(a) disclosures is now moot.  The Court gives Naqvi until July 12, 2019 to complete his responses to outstanding discovery in full, with all objections waived.

The Court denies Defendants' request for additional time to conduct depositions because the request is indefinite.  Defendants are granted leave to renew this request with more specificity.

Defendants ask for an award of fees and costs.  If a motion to compel is allowed or if discovery is provided after the motion is filed, the Court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in connection with the motion including attorney fees.  Fed. R. Civ.

P. 37(a)(5)(A).  If the motion is allowed in part and denied in part, the Court may, after giving opportunity to be heard, apportion the reasonable expense for the motion.  Fed. R. Civ. P. 37(a)(5)(C).

In this case, the Motion is allowed in part because the Court did not grant Defendants' request for additional time to conduct depositions because the request was not sufficiently specific.  The Court, however, granted in full the Defendants' request to compel Naqvi to provide responses to outstanding interrogatories and requests to produce, and Naqvi produced his Rule 26(a) disclosures after the Motion was filed.  Under these circumstances, the Court determines that the Court should apportion costs to require Naqvi to pay Defendants' attorney fees and expenses incurred in bringing this Motion.

THEREFORE, IT IS ORDERED that Defendants' Motion to Compel Plaintiff to Provide Initial Disclosures Under Rule 26(a), Answer Defendants' Interrogatories and Produce Documents Responsive to Defendants' Discovery Requests (d/e 72), is ALLOWED in part.  Naqvi is ordered to provide complete responses to Defendants' outstanding discovery by July 12, 2019.  The request to produce the Rule 26(a) disclosures is moot.  Defendants' request for additional time to conduct depositions is denied with leave to refile with more specificity.  This Court,

in its discretion, apportions costs under Rule 37(a)(5)(C) and requires Naqvi to pay Defendants' attorney fees and expenses incurred in bringing this Motion. Defendants are directed to file by July 31, 2019, a statement of fees and expenses incurred in bringing this Motion. Plaintiff Naqvi shall respond by August 21, 2019, to the Defendants' statement of fees and expenses, which response shall contain any matter on which Naqvi wishes to be heard on the apportionment of fees and expenses. The Court will then enter an order setting the specific amount of fees and expenses to be apportioned.

ENTER: July 10, 2019

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE