E-FILED
Tuesday, 06 August, 2019 04:37:28 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ALI NAQVI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-cv-3145 |
| ILLINOIS HEALTH AND SCIENCE, et al., | ) ) ) ) |
| Defendants. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Illinois Health and Science's Motion for Entry of Default (d/e 73) (Motion for Default); Plaintiff's Motion for Leave, Instanter, to File Plaintiff's Answer to the Affirmative Defenses and Counterclaim of Defendant, Illinois Health and Science (d/e 75) (Motion for Leave); and Defendants' Motion to Exclude the Evidence and Testimony of Eighteen Witnesses Identified in Plaintiff's Tardy Rule 26(A)(1) Disclosures Pursuant to Federal Rule of Civil Procedure 37(c)(1), and for Additional Time to Depose Plaintiff and One or More Other Witnesses After Plaintiff Corrects the Serious Deficiencies in His Tardy Document Production (d/e 79) (Motion to Exclude and Extend) (collectively, the Motions). For the reasons stated below, the Motion for Leave is

ALLOWED, the Motion for Default is DENIED as moot, and the Motion to Exclude and Extend is ALLOWED.

BACKGROUND

On July 3, 2017, plaintiff Ali Naqvi filed this action against Defendants Illinois Health and Science; Decatur Memorial Hospital; Zevacor Molecular; Zevacor Pharma, Inc.; Timothy D. Stone, Jr.; Ray Mosser; Ron Drane; Robin King; John Funk; Scott Frederickson; and Ken Smithmier. Complaint (d/e 1). On October 2, 2017, Naqvi filed an Amended Complaint (d/e 32). Naqvi was employed as the Chief Financial Officer (CFO) of several of the business entity defendants from November 2013 to November 5, 2015. Amended Complaint, ¶ 21. Naqvi alleged claims for employment discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e (Count I), and state law claims for: retaliation in violation of the Illinois Whistleblower Protection Act, 740 ILCS 174/1 et seq. (Count II); retaliatory discharge (Count III); defamation per se (Count IV); breach of contract (Count V); tortious interference with a current business relationship (Count VI); negligent infliction of emotional distress (Count VII); and intentional infliction of emotional distress (Count VIII). See generally Amended Complaint.

On June 7, 2018, the District Court dismissed Counts Count VII, and also dismissed Counts II, III, and VIII as to only some Defendants. Opinion entered June 7, 2018 (d/e 58), at 29. On June 21, the Defendants answered. See Answers of Defendants (d/e 59, 60, 61, 62, 63, 64, 65, and 66). Defendant Illinois Health and Science alleged a counterclaim (Counterclaim) against Naqvi with its answer. Answer and Affirmative Defenses of Defendant Illinois Health and Science to Plaintiff's Amended Complaint and Counterclaim (d/e 59).

On July 11, 2018, this Court conducted a scheduling conference and entered a Scheduling Order (d/e 70). The Court ordered the parties to make the Rule 26(a)(1) initial disclosures by August 17, 2018 and to complete fact discovery by July 31, 2019. Scheduling Order, ¶¶ 1 and 4.

On July 12, 2018, Naqvi's answer to the Counterclaim was due. Fed. R. Civ. P. 12(a)(1)(B). Naqvi did not answer by that date. Naqvi further did not provide his Rule 26(a)(1) initial disclosures on August 17, 2018, as ordered by this Court. Naqvi also did not request extensions before the respective due dates as required by the Local Rules. See Local Rule 6.1.

On August 22, 2018, Naqvi requested from Defendants an extension of time to file his answer to the Counterclaim to August 31, 2018. Defendants agreed. Naqvi states that he wanted the extension to

determine if insurance coverage existed to defend the Counterclaim. Naqvi, however, did not answer the Counterclaim by August 31, 2018.

On May 20, 2019, Defense counsel asked Naqvi's counsel to file an answer to the Counterclaim and discovery responses, including Naqvi's Rule 26(a)(1) initial disclosures. On June 3, 2019, Naqvi's counsel informed defense counsel that she recently had a death in her family and asked for an extension to June 7, 2019, to file the answer and provide discovery. On June 7, 2019, defense counsel asked for an extension to June 11, 2019 because her paralegal assistant was out due to health related issues. On June 11, 2019, Naqvi's counsel did not provide any discovery or file an answer to the Counterclaim. Motion for Default, Exs. D-G, Email Correspondence Between Counsel for the Parties.

On June 19, 2019, Defendants filed a Motion to Compel (d/e 72). On June 21, 2019, Defendants filed the Motion for Default (d/e 73). On July 3, 2019, Naqvi provided Defendants with his Rule 26(a)(1) initial disclosures. See Memorandum in Support of Defendants' Motion to Exclude and Extend (d/e 80) (Defendants' Memorandum 80), Exhibit B, Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1) (Naqvi Initial Disclosures). On July 5, 2019, Naqvi filed the Motion for Leave (d/e 75).

The Naqvi Initial Disclosures listed 21 persons with knowledge that Naqvi may use to provide evidence to support his claim. Initial Disclosures, at 1-7.[1] Of these 21, only three had been otherwise disclosed in discovery before that date. The three were Naqvi, Ed Blum, and Andrew Brkie. On July 10, 2019, the Court ruled on the Defendants' Motion to Compel. Opinion entered July 10, 2019 (July 10, 2019 Opinion). On July 11, 2019, Defendants filed the Motion to Exclude and Extend (d/e 79).

The Motions have been briefed and are ready for resolution.

ANALYSIS

Motion for Default and Motion for Leave

Defendant Illinois Health and Science asks the Court to enter a default against Naqvi on the Counterclaim. Naqvi asks for leave to file his answer to the Counterclaim late and to deny the Motion for Default as moot. Naqvi is effectively asking the Court to set aside his default in failing to file a timely answer. The Court may set aside a default for failure to plead for good cause. The good cause standard is liberally construed in favor of setting aside such defaults. See Cracco v. Vitran Exp., Inc., 559 F.3d 625, 631 (7th Cir. 2009). This Court follows "a well established policy

---

[1] The Initial Disclosures contain a list of 20 paragraphs describing 21 individuals. Paragraphs 1-15 and 17-20 each identify one individual. Paragraph 16 identifies two individuals, for a total of 21 individuals. See Initial Disclosures, at 1-7.

of favoring a trial on the merits over a default judgment. . . . Deciding matters by default is 'a weapon of last resort,' appropriate only when a party willfully disregards pending litigation." Sun v. Board of Trustees of the University of Illinois, 473 F.3d 799, 811 (7th Cir. 2007).

Naqvi did not willfully disregard this litigation. In fact, neither party was terribly concerned about his answer to the Counterclaim. Illinois Health and Science waited from August 2018 to May 2019 to ask for the tardy answer. See Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 4 (1st Cir. 2010) (Moving party's "prejudice falls particularly flat here because it easily could have prevented the delay" when the moving party waited eight months to file a motion for default.). Under the circumstances of this case, given the strong policy of deciding matters on the merits, the Court will allow Naqvi's Motion for Leave and deny Illinois Health and Science's Motion for Default as moot.

Motion to Exclude and Extend

Naqvi violated the Scheduling Order and Rule 26(a)(1). The Court ordered him to provide his initial disclosures by August 17, 2018. He did not. Rather, he waited for more than 10 months past the deadline to provide them. He only provided them after the Defendants filed the Motion to Compel. Naqvi, therefore, violated Rule 26(a) and "is not allowed to use"

the information that he failed to disclose properly, including the testimony of the 18 witnesses, "unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

The sanction of exclusion is mandatory and automatic unless Naqvi can show that the failure was substantially justified or harmless. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). The Court considers four factors in determining whether a failure to comply with Rule 26(a) was substantially justified or harmless:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

Id. at 857; accord Uncommon, LLC v. Spigen, Inc., 926 F.3d 409, 417 (7th Cir. 2019). The first three factors weigh heavily against finding Naqvi's failure was either harmless or substantially justified. Naqvi waited over 10 months to provide his late disclosures. By then, Defendants had less than a month to conduct discovery. The disclosure listed 18 new possible witnesses that had not previously been disclosed. The late disclosure effectively cut off the Defendants' ability to depose these potential witnesses. The Defendants' only other option would be to seek a significant extension of time for fact discovery in order to examine the other

discovery and determine which of these persons to depose. The delay would very likely delay expert discovery and the trial. Expert testimony is very likely necessary to prove the standard of care in the Counterclaim's negligence and breach of fiduciary duty. See Counterclaim, Counts I and II. Such a delay would be prejudicial to the Defendant and would disrupt and delay the scheduled trial date. See Finwall v. City of Chicago, 2006 WL 2355578, at *4 (N.D. Ill. August 10, 2006) ("Late disclosure is not harmless . . . simply because there is time to reopen discovery.").

Naqvi nowhere offers any explanation for his violation of this Court's Scheduling Order and Rule 26(a). See Response of Plaintiff, Ali Naqvi, to Defendants' Motion to Exclude the Evidence and Testimony of Eighteen Witnesses and for Additional Time to Depose Plaintiff and One or More Other Witnesses (d/e 81) (Naqvi Response). The lack of any justification or even excuse does not, in this case, demonstrate either bad faith or willfulness; however, the lack of any explanation for his failure to comply with the Scheduling Order and Rule 26(a) fails to show that his failures were substantially justified or harmless. The Court, in its discretion, determines that, pursuant to discovery Rule 37(c), Naqvi is barred from calling the 18 individuals listed in Naqvi's extremely tardy initial disclosures that were not otherwise already disclosed in discovery: Nicole Botimer,

Sangeeta Anand, John Cobb, Todd Hockemeyer, Kara Demirjian, Dave Samples, Larry Altenbaumer, David Tyrolt, Tom Kowa, Brad Weick, Paula Eissenfeldt, John Ridley, Paige Toth, Scott E. Garwood, John E. Sanner, Jack O'Reilly, Julie Brulie, and Jim Blackwell.

Naqvi argues repeatedly that this Court found the Defendants' Motion to Compel to be moot with respect to his initial disclosures because he provided them on July 3, 2019.  See Naqvi Response, ¶¶ 1, 8, 12.  The Court's observations in the July 10, 2019 Opinion that Naqvi produced his initial disclosures on July 3, 2019 is not relevant to this case. The Court did not address exclusion of late disclosed evidence in the July 10, 2019 Opinion because Defendants did not raise the issue at that time. Defendants did not raise the issue because on the date they filed the Motion to Compel they had not yet seen Naqvi's late initial disclosures and did not know he intended to use witnesses who had not already been disclosed in discovery.

Naqvi also argues that the Defendants already knew the identity of the 18 individuals he disclosed for the first time on July 3, 2019 in his initial disclosures.  Naqvi states that seven of the individuals are current or former employees or members of the boards of directors of one or more of the Defendants, four of the individuals were attorneys who represented one or

more of the Defendants, and four more of the individuals identified were also employees of one or more of the Defendants.  Naqvi Response, ¶ 9.  Naqvi does not assert that the Defendants were aware of the remaining three individuals.  Naqvi argues that Defendants were not prejudiced by the late disclosures since they knew who most of the individuals were and either knew or could easily find out what they knew about this case.

The Court disagrees.  Initial disclosures do not identify all people who might know something about a case.  The initial disclosures disclose all people that a "party may use to support its claim . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(i).  The Defendants did not know until July 3, 2019, that Naqvi might use these individuals to prove his claim.  The Defendants had no reason to depose the individuals prior to July 3, 2019.  But by that date, the Defendants had less than a month to try and find out what their testimony would be, propound written discovery on Naqvi about these potential witnesses, and  decide which of these possible witnesses needed to be deposed.

Naqvi also argues that the Defendants were not prejudiced because he provided the initial disclosures before fact discovery closed.  The Court again disagrees.  Initial disclosures are supposed to be just that, initial.  The disclosures are supposed to start the discovery process.  A party can

then decide whether to conduct additional discovery.  A party can formulate interrogatories and document requests to secure information about the knowledge of the individuals identified.  A party can then evaluate the written discovery and decide which of the other side's potential witnesses to depose.  Naqvi, however, waited 10 months, to almost the end of fact discovery, to provide the disclosures.  By then, Defendants had less than a month to conduct discovery related to 18 new possible witnesses that had not previously been disclosed.  The late disclosure effectively cut off the Defendants' ability to conduct written discovery about these potential witnesses or to depose them.  Providing initial disclosures shortly before the close of discovery in this case under these facts is improper, prejudicial, and not harmless.

 Naqvi argues that the Motion to Exclude and Extend is really a motion in limine to exclude evidence.  Naqvi is incorrect.  Rule 37(c) orders the mandatory and automatic bar of a party's ability to use information and witnesses not properly disclosed under Rule 26(a), unless the failure to disclose was substantially justified or harmless.  Naqvi is barred from presenting the information and witnesses as a discovery sanction under Rule 37(c).  The mandatory and automatic bar of Rule 37(c) is not an evidentiary ruling in limine.

The Court must decide the Rule 37(c) sanction issue now, rather than at a pretrial motion in limine.  A request for Rule 37(c) sanction in this case may affect the discovery schedule.  If the Court denied the Defendants' motion to exclude these witnesses, the Court would need to extend the discovery schedule significantly to allow Defendants to take additional discovery.  The resolution of the Rule 37(c) sanction, therefore, is properly before the Court at this juncture.  For the reasons stated above, the Court allows this aspect of the Motion to Exclude and Extend to bar Naqvi from using these 18 named persons as witnesses for any purpose.

The Defendants further ask for a limited extension of fact discovery to allow them to depose other individuals disclosed in Naqvi's discovery production.  Naqvi does not object.  See Response, at 8-9.  The request is allowed.  The Defendants have until September 15, 2019, to depose additional persons identified in Naqvi's discovery production.

THEREFORE, IT IS ORDERED that Defendant Illinois Health and Science's Motion for Entry of Default (d/e 73) is DENIED; Plaintiff's Motion for Leave, Instanter, to File Plaintiff's Answer to the Affirmative Defenses and Counterclaim of Defendant, Illinois Health and Science (d/e 75) is ALLOWED; and Defendants' Motion to Exclude the Evidence and Testimony of Eighteen Witnesses Identified in Plaintiff's Tardy Rule

26(A)(1) Disclosures Pursuant to Federal Rule of Civil Procedure 37(c)(1), and for Additional Time to Depose Plaintiff and One or More Other Witnesses After Plaintiff Corrects the Serious Deficiencies in His Tardy Document Production (d/e 79) is ALLOWED. The Clerk is directed to file the proposed Answer attached as Exhibit A to the counterclaim attached to Plaintiff's Motion for Leave (d/e 75).

ENTER: August 6, 2019

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
