# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ALI NAQVI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-cv-3145 |
| | ) |
| ILLINOIS HEALTH | ) |
| AND SCIENCE, an Illinois | ) |
| not-for-profit corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Petition for an Award of Attorneys' Fees (d/e 82) (Fee Petition). This Court awarded Defendants' attorneys' fees incurred in bringing the Defendants' Motion to Compel Plaintiff to Provide Initial Disclosures Under Rule 26(A), Answer Defendants' Interrogatories and Produce Documents Responsive to Defendants' Discovery Requests (d/e 72) (Motion to Compel). Opinion entered July 10, 2019 (d/e 78), at 2-4. Defendants have submitted their Fee Petition and Plaintiff has responded (d/e 85).

Defendants seek $3,443.10 in fees for bringing the Motion to Compel, and $1,557.30 for preparing the fee petition. Attorney Daniel J. Delaney, a partner in the law firm representing Defendants, spent 1.4 hours in

connection with preparing the Motion to Compel; Partner attorney Laurie Holmes spent .7 hours in connection with preparing the Motion to Compel; and Associate attorney Christian Chapin spent 5.8 hours in connection with preparing the Motion to Compel.  Defendants state that Delaney's rate is $669.00 per hour, Holmes' rate is $573.00 per hour, and Chapin's rate is $363.00 per hour.

This Court must determine the appropriate award of reasonable attorney fees.  The Court must consider both the reasonableness of the hours expended and the reasonableness of the hourly rates.  <u>Spegon v. Catholic Bishop of Chicago</u>, 175 F.3d 544, 553-54 (7th Cir. 1999).  Plaintiff objects to awarding fees for Partner Holmes' time of .7 hours.  Plaintiff argues that billing time for two partners on a motion to compel is unnecessary and Holmes' time was duplicative.  The Court agrees.  Associate Chapin spent the lion's share of the time drafting the Motion to Compel.  The use of two partners to review that work was duplicative.  The Court will disallow the .7 hours billed by Holmes in the award of fees.

Plaintiff also objects to the hourly rates of Delaney and Chapin.  The reasonable rate is the rate lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.  <u>Spegon v. Catholic Bishop of Chicago</u>, 175 F.3d at 555.  Plaintiff

objects to the hourly rates of Defendants' attorneys. The Court agrees that the rates are excessive for lawyers who practice in Central Illinois in this District for this type of work. Plaintiff's counsel states that in her experience in this District, rates of $500.00 per hour and $300.00 per hour respectively for attorneys Delaney and Chapin, are on the higher side of reasonable but not objectionable in this case. The Court questions whether hourly rates of $500.00 and $300.00 are also more than amounts similar attorneys charge in this District for this type of work. The Court, however, will not lower the rates below those Plaintiff suggests are high but reasonable. The Court, therefore, awards fees in the amount of $2,440.00 representation provided in connection with preparing the Motion to Compel.

The Court may, in its discretion, award fees for preparation of the fee petition (preparation fees). <u>Spegon</u>, 175 F.3d at 554. The fee request for preparing the fee petition, however, should be reasonable in relation to the merits of the fee request. The <u>Spegon</u> Court stated that preparation fees that equaled 15 minutes for every hour (or $1/4^{th}$) of fees sought in the petition was excessive. <u>Id.</u> (citing <u>Ustrak v. Fairman</u>, 851 F.2d 983, 988 (7th Cir. 1988)). Here, Defendants' counsel spent 3.7 hours to prepare a petition seeking to recover fees for 7.2 hours work, or more than 30 minutes for each hour in fees sought by the Fee Petition. The request for

preparation fees is clearly excessive. In light of the teaching in Spegon, the Court will allow preparation fees in the amount equal to 10 minutes for every hour (or $1/6^{th}$) of the time spent incurring the allowed fees. The Court allowed attorney Delaney 1.4 hours for fees incurred in connection with the Motion to Compel, and so, allows him .23 hours for preparation fees (1.4 / 6), or $115.00 (.23 X $500). The Court allowed attorney Chapin 5.8 hours in fees incurred in connection with the Motion to Compel, and so, allows her .97 hours for preparation fees (5.8 / 6), or $291.00 (.97 x $300). The Court, therefore, allows $406.00 in fees to prepare the Fee Petition. The Court awards the total sum of $2,846.00 in attorney fees to Defendants.

THEREFORE, IT IS ORDERED that Defendants' Petition for an Award of Attorneys' Fees (d/e 82) is ALLOWED in part. The Court orders Plaintiff Ali Naqvi to pay Defendants the sum of $2,846.00 for fees incurred in connection with the Defendants' Motion to Compel (d/e 72), pursuant to this Court's Opinion entered July 10, 2019 (d/e 78). Plaintiff Naqvi shall pay the $2,846.00 to Defendants on or before October 1, 2019.

ENTER: August 27, 2019

        *s/ Tom Schanzle-Haskins*
        TOM SCHANZLE-HASKINS
        UNITED STATES MAGISTRATE JUDGE